**In re Cheryl L. STEVENS, Debtor.**

**No. 06–33314–KRH.**

United States Bankruptcy Court, E.D. Virginia, Richmond Division.

March 9, 2007.

---

3. Section 362(c) states that "[e]xcept as provided in subsections (d), (e), (f) and (h) of this section...."

Pia J. North, North & Associates, P.C., Richmond, VA, for Debtor.

## ORDER

KEVIN R. HUENNEKENS, Bankruptcy Judge.

This matter comes before the Court on the Debtor's motion (the "Motion") for court approval of her reaffirmation agreement (the "Reaffirmation Agreement") with National Auto Sales. Due and proper notice of the hearing on the Motion was served upon Debtor, Debtor's counsel, and the affected creditor. The Court has juris-diction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

The Debtor proposes in her Motion to reaffirm debt in the amount of $5893.18 at a simple interest rate of 22%. The collateral securing the debt is a 1996 Mercury automobile (the "Vehicle") originally purchased for the sum of $7661.18 and valued upon the Debtors' schedules at $1175.00. The proposed payment on the reaffirmed obligation is 40 bi-weekly payments of $147.34 each.

The Reaffirmation Agreement did not contain a certification by the Debtor's counsel pursuant to § 524(c)(3) of the Bankruptcy Code. The Debtor's signed statement in support of the Reaffirmation Agreement (Part D of Form 240A) represented that the Debtor's monthly income of $2,244.60 and her monthly expenses of $2,018.65 left her with $225.95 per month to make the payments required by the Reaffirmation Agreement. The Court notes that the $225.95 per month is insufficient to enable the Debtor to make the payments required by the Reaffirmation Agreement.

The Debtor's Motion for approval of the Reaffirmation Agreement stated that she was not represented by an attorney during the course of the negotiation of the Reaffirmation Agreement and that a presumption of undue hardship under 11 U.S.C. § 524(m) has arisen because monthly expenses exceed monthly income. At the hearing on the Motion, the Debtor's attorney appeared and represented to the Court that she was not the attorney for the Debtor during the course of the negotiations on the Reaffirmation Agreement. The Debtor's attorney further stated that she was bankruptcy counsel for the Debtor and was appearing at the hearing solely

for the purpose of helping the Debtor procedurally.

For a reaffirmation agreement to be enforceable, § 524 of the Bankruptcy Code requires a debtor's attorney to certify that the agreement does not impose an undue hardship on the debtor and that the debtor has been fully advised of the legal effect and consequences of the agreement. 11 U.S.C.A. § 524(c)(3). If not represented by an attorney, a debtor must certify to the court that the agreement does not impose an undue hardship and that the agreement is in the debtor's best interest. The court then may approve the agreement. 11 U.S.C.A. § 524(c)(6)(A).

In the present case, the Court need not consider the issue whether or not the Debtor was "represented by an attorney during the negotiation" because even if the Debtor's attorney had executed Part C of the Reaffirmation Agreement, § 524(m) of the Bankruptcy Code requires Court scrutiny of it. Section 524(m) of the Bankruptcy Code establishes a presumption that any reaffirmation agreement imposes an undue hardship on the debtor "if the debtor's monthly income ... less the debtor's monthly expenses is less than the scheduled payments on the reaffirmed debt." Here, the Debtor's income after expenses is not adequate to make the monthly payments required by the Reaffirmation Agreement. Thus, the presumption of undue hardship applies in this case. A debtor may overcome the presumption by submitting to the court, in writing, an explanation of the source of the additional funds that will be needed to comply with the terms of the proposed reaffirmation agreement. 11 U.S.C.A. § 524(m). If the court is satisfied that the debtor is able to overcome the presumption of undue hardship, it may then approve the reaffirmation agreement. *Id.*

The Court is cognizant that if it does not approve the Reaffirmation Agreement, it will be rendered unenforceable. However, this does not mean that the Debtor will lose her Vehicle. The Court has previously ruled that the need for a debtor to retain a vehicle is not, in and of itself, sufficient to overcome the presumption of undue hardship. *In re Husain,* 364 B.R. 211, 217–19 (Bankr.E.D.Va.2007). Furthermore, whether or not the Reaffirmation Agreement should be approved is separate and distinct from the "performance" requirements of § 362(h) and § 521(a) of the Bankruptcy Code. *Id.*

As the Debtor has done everything in her capacity to comply with the requirements of § 362(h) and § 521(a) of the Bankruptcy Code, § 521(d) of the Bankruptcy Code is inapplicable to this case. The automatic stay and the discharge injunction will continue to protect the property of the Debtor. The Debtor is current on her payments due under the note held by National Auto Sales and is maintaining the required insurance on the Vehicle postpetition. National Auto Sales may continue to accept payments from the Debtor, 11 U.S.C. § 524($l$)(1), but it may not repossess the Vehicle without violating the automatic stay and the discharge injunction unless there is a subsequent payment or insurance default. *In re Husain,* 364 B.R. at 219–20, citing *In re Riggs,* No. 06–60346, 2006 WL 2990218, at *3 (Bankr. W.D.Mo. Oct.12, 2006) (declining to approve reaffirmation agreement on undue hardship grounds, finding debtor had fully performed duties under § 521(a) notwithstanding court's ruling that agreement would be disapproved and unenforceable; and holding § 521(d) was not triggered and secured creditor could not repossess collateral based solely upon default under security agreement's *ipso facto* clause; collateral could be repossessed only in event of a payment or insurance default or if creditor's position is or became "significantly impaired.").

The Debtor's income being less than her expenses and the Debtor having failed to rebut the presumption of undue hardship, the Court will not approve the Reaffirmation Agreement. Accordingly,

It is hereby **ADJUDGED, ORDERED AND DECREED** that the Reaffirmation Agreement shall be and it hereby is DISAPPROVED and declared UNENFORCEABLE.

**IT IS FURTHER ORDERED** that Debtor having complied with her duties under §§ § 521(a)(6) and 362(h) of the Bankruptcy Code with respect to the claim held by National Auto Sales, the provisions of § 521(d) of the Bankruptcy Code are inapplicable to the Debtor's case; and, accordingly, National Auto Sales may continue to accept payments from the Debtor, but it may not repossess the Vehicle that secures its loan to Debtor solely on the basis of a default under any *ipso facto* clause that may exist in its note or in the related loan documents that might occasion an event of default upon the commencement of a bankruptcy proceeding by or the insolvency of Debtor.